UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE T. PAIGE,

    Plaintiff,

v.                                              CASE NO. 8:20-cv-1437-WFJ-TGW
                                                  CASE NO. 8:02-cr-508-WFJ-TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING MOTION TO VACATE
## PURSUANT TO 28 U.S.C. § 2255

The Court vacates the sentence and conviction for Andre T. Paige on Count Three, per *United States v. Davis*, 139 S.Ct. 2319 (2019).  The parties agree to this vacatur.  Dkts. 30, 36.  The full record shows the original multi-count sentence is not interwoven and interdependent upon Count Three.  Thus, pursuant to 28 U.S.C. § 2255(b), the Court simply corrects the sentence.[1]  This record and the sentencing factors under 18 U.S.C. § 3553(a) are in accord with this exercise of the Court's discretion, and this step is within Eleventh Circuit guidance.  *United States v. Thomason*, 940 F.3d 1166, 1172 (11th Cir. 2019) ("[W]hen the district court vacates a single count in a multi-count conviction, it has the discretion whether it needs to conduct a full resentencing to ensure that the sentence remains sufficient

---

[1] *See* docket 341 in No. 8:02-cr-508-WFJ-TGW.  The criminal case will be cited to as Crim. Dkt. #.

but not greater than necessary, to comply with the purposes of sentencing in section 3553(a).") (internal quotation marks, brackets and citations omitted).

The underlying facts were summarized by the Eleventh Circuit in the direct appeal:

> At Paige's trial, Christopher Gamble testified that a group, including he and Paige, robbed a Holiday Inn and then decided to rob a NationsBank branch. Just before daybreak, the group went to prepare for the bank robbery at a cemetery, where they changed clothes and consumed drugs. Inside the group's car at the cemetery were drugs, masks, gloves, and guns used in past robberies. At the cemetery, Officer Christopher Horner—who knew Gamble from Gamble's past criminal activity—approached the group members who were then dressed in black and wearing gloves and turned a spotlight on them. After Gamble told Officer Horner that Gamble was at the cemetery to visit his "auntie," Officer Horner told the group that he wanted to "run their names." A member of the group, Charles Fowler, approached Officer Horner from behind and grabbed him. Officer Horner called out Gamble's name. At that point, the group—including Paige—"went a little crazy" and held Officer Horner down on his knees; Fowler then shot Officer Horner in the back of the head.

*United States v. Paige*, 241 F. App'x 620, 624 (11th Cir. 2007). Officer Horner was killed on March 3, 1998.

After jury trial and conviction on all counts, Paige received the following sentences:

| Count One | Violent crime in aid of racketeering activity to kill Officer Horner in violation of 18 U.S.C. § 1959(a)(1) and (2); offense ended March 3, 1998 | Life imprisonment (to run concurrently with Counts Two and Three) |
|---|---|---|

| Count Two | Aiding and abetting another who killed Officer Horner in violation of 18 U.S.C. § 1512(a)(1)(C); offense ended March 3, 1998 | Life imprisonment (to run concurrently with Counts One and Three) |
|---|---|---|
| Count Three | Aiding and abetting another who used a firearm during a crime of violence resulting in the murder of Officer Horner in violation of 18 U.S.C. §§ 924(c)(1), 924(j)(1), and 1111(a) and 2; offense ended March 3, 1998 | Life imprisonment (to run concurrently with Counts One and Two) |
| Count Four | Conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951; offense ended April 1, 1998 | 240 months in prison (to run concurrently with Counts One, Two, Three, Five, Seven, and Nine) |
| Count Five<br><br>Count Seven<br><br>Count Nine | Hobbs Act robbery in violation of 18 U.S.C. § 1951; offenses ended March 3, 1998, March 17, 1998, and March 31, 1998, respectively | 240 months in prison (to run concurrently with Counts One, Two, Three, and Four and with each other—Counts Five, Seven, and Nine) |
| Count Six | Aiding and abetting another who knowingly carried a firearm which was discharged during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii); offense ended March 3, 1998 | 120 months in prison (to run consecutively to all other counts) |
| Count Eight | Aiding and abetting another who knowingly carried a firearm which was brandished during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(ii); offense ended March 17, 1998 | 300 months in prison (to run consecutively to all other counts) |
| Count Ten | Aiding and abetting another who knowingly carried a firearm which was discharged during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(iii); offense ended March 31, 1998 | 300 months in prison (to run consecutively to all other counts) |

*See* Crim. Dkt. 341.  The 720-month consecutive sentence consists of 120 months as to Count Six and two 300-month prison terms for Counts Eight and Ten, consecutive to each other and the other counts.  Crim. Dkt. 341 at 3.

Count Three was infirm because a possible predicate act was the Hobbs Act conspiracy (Count Four), an infirm predicate after *Davis* struck down as unconstitutionally vague § 924(c)'s residual clause.  139 S. Ct. at 2336.  The verdict form did not require the jury to specify which predicate offense or offenses they relied on to return their guilty verdict on Count Three.  Dkt. 1 at 14; Crim. Dkt. 298 at 1.  Consequently, the conviction in Count Three will be vacated.

Every § 2255 resentencing does not require a hearing.  *United States v. Denson*, 963 F.3d 1080, 1088 n.7 (11th Cir. 2020) (citing *Thomason*).  A full resentencing is unnecessary if the error does not change the guideline range.  *Thomason*, 940 F.3d at 1172.  A review of the presentence report shows the vacatur of Count Three would not affect the guidelines set forth.  Crim. Dkt. S-401.  Moreover, the Court does not make the sentence more onerous.  *Thomason*, 940 F.3d at 1172.

The motion (Dkt. 1) is granted consistent with this order.  Paige's sentence as to Count Three is vacated and a new Judgment in a Criminal Case will be entered in criminal case 8:02-cr-508-WFJ-TGW.  Paige's sentence will remain

4

unchanged for all counts save Count Three.  The Clerk is directed to enter judgment accordingly and close this civil case.

**DONE AND ORDERED** at Tampa, Florida, on October 25, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record